UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>NATHAN CHARLTON,<br>　　　　　Defendant. | Case No. 13-cr-00591-VC-1<br><br>**ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>Re: Dkt. No. 97 |

　　　　The motion for a new trial, brought on the ground that the Court should have granted the defendant's eve-of-trial request for a continuance, is denied for the following reasons: (i) the defense had ample opportunity in the months leading up to trial to have its own DNA testing conducted if it suspected the test results could be exculpatory; (ii) the defense has made no plausible showing that the report from the government's DNA analysis (obtained on the eve of trial but excluded on the ground that the government also unduly delayed in obtaining it) was potentially exculpatory; (iii) if the government's analysis were potentially exculpatory, the defense could have called to government's analyst to the stand to establish that; and (iv) in any event, as discussed below, the evidence that the defendant knowingly possessed the gun was overwhelming, effectively eliminating any realistic possibility that the defendant was prejudiced by the denial of his request for a continuance.

　　　　The renewed motion for a judgment of acquittal is also denied.  Any failure by Agent Garza to rule out the theoretical possibility that the gun was a counterfeit manufactured in California does not lead to a conclusion that his testimony was insufficient to allow the jury to conclude beyond a reasonable doubt that the gun was not a counterfeit and therefore came from out of state.  The defendant's theory that the gun was a counterfeit (or even that it could have been

1  a counterfeit) was speculative, unsupported by any evidence.  And the evidence was sufficient to
2  allow a jury to conclude beyond a reasonable doubt that the defendant knowingly possessed the
3  gun, because: (i) the officers saw the defendant carry the gym bag into the house; (ii) shortly
4  thereafter, the officers entered the house found the gun in that bag; (iii) the defendant exhibited
5  consciousness of guilt when he gave a false identity to the officers who came to the door; and (iv)
6  the defendant had previously told his brother he possessed a gun.

**IT IS SO ORDERED**.

Dated:  February 10, 2015

_____
VINCE CHHABRIA
United States District Judge